IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT CHRISTOPHER,

    Plaintiff,                      No. 2:09-cv-3584 KJN P

  vs.

DEPUTY VANG,

    Defendant.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action was reassigned to the undersigned on February 9, 2010.[1]  On February 12, 2010, this court directed the U.S. Marshal to serve process upon defendant Vang.

        Plaintiff now moves for appointment of counsel.  (Dkt. No. 14).  His motion was prepared with the assistance of another inmate, Christopher Scott Rider, who states that he has prepared all prior paperwork for plaintiff, but he will soon be transferred to another institution and  unable to further assist plaintiff.  Mr. Rider states that plaintiff is severely mentally disabled as a result of a 1981 motorcycle accident in which plaintiff suffered significant brain injury.

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

Attachments to the motion include: (1) a hospital discharge summary dated August 14, 1981, completed by Dr. Louis A. Levy, M.D., noting plaintiff's surgery for a "right depressed skull fracture" with "considerable contusion of the underlying brain," and his post-surgical transfer to another hospital (Dkt. No. 14, at 5); (2) the 1990 treatment notes of Staff Psychiatrist David Hartson, M.D., noting that plaintiff has an Axis I[2] diagnosis of "organic brain syndrome, traumatic, with severe memory impairment" (Dkt. No. 14, at 4); (3) a December 2, 2009 assessment by psychologist Robert Cull, Psy. D., and licensed clinician D. Dennis, Ph. D., noting routine steps to be taken in order to facilitate communication with plaintiff;[3] and (4) a February 10, 2010 certification by Dr. Cull that plaintiff has a disability covered under the Americans with Disabilities Act, and seeks reasonable accommodation thereunder pursuant to his request for appointment of counsel in this action (Dkt. No. 14, at 9).[4]

"In proceedings in forma pauperis, the district court 'may request an attorney to represent any person unable to afford counsel.' 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances.' Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to

---

[2] The American Psychiatric Association utilizes a "Multiaxial Assessment" to assess psychiatric disorders, as set forth in the Diagnostic and Statistical Manual of Psychiatric Disorders, ("DSM-IV") (4th Ed. 1994), at pp. 25-33. "Axis I" refers to "Clinical Disorders" and "Other Conditions That May Be a Focus of Clinical Attention." Id. at 25.

[3] This December 2, 2009 assessment provides that plaintiff requires the following "adaptive support needs" (Dkt. No. 14, at 3):

1. Give slow careful, face to face directions.
    1a. 1 step at a time;
    2a. Repeat directions as necessary face to face.
2. Have inmate repeat direction in his own words to clarify [u]nderstanding of direction.

[4] The court notes that plaintiff's prior motion to appoint counsel (Dkt. No. 3), which was denied (Dkt. No. 5), was only one page long, without attachments.

articulate his claims 'in light of the complexity of the legal issues involved.' Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983))." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." Wilborn, supra, 789 F.2d at 1331 (fn. omitted); see also, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

Plaintiff meets both criteria. The complaint alleges excessive force by defendant in response to plaintiff being unable to "move fast enough" due to his ADA physical disabilities, including reliance on a wheelchair. (See Dkt. No. 1.) These allegations, if proven, implicate significant constitutional issues and demonstrate a likelihood that plaintiff may succeed on the merits of his claims.[5] It is clear that plaintiff requires assistance in articulating his claims. The court therefore finds that the dual threshold criteria set forth in Agyeman are met. The court further finds that appointment of counsel is warranted pursuant to this court's General Order No. 230 (setting forth the criteria and procedure for appointment of counsel in Section 1983 cases).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Dkt. No. 14) is granted; and

2. The Clerk of Court is directed to locate forthwith an attorney admitted to practice in this court who is willing to accept the appointment.

DATED: March 2, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff's motion for appointment of counsel appears to set forth additional allegations not presented in plaintiff's original complaint. (See Dkt. No. 14, at 6-7.) Appointed counsel would be tasked with setting forth the pertinent facts and legal claims in an amended complaint pursuant to appropriate motion.