IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT CHRISTOPHER,

     Plaintiff,             No. 2:09-cv-3584 KJN[1] P

    vs.

DEPUTY VANG,

     Defendant.       ORDER

                              /

        Plaintiff Delbert Christopher is a state prisoner, proceeding in forma pauperis and with court-appointed counsel, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against one defendant, Vong Vang, a Correctional Deputy with the Butte County Sheriff's Office. Defendant's motion for summary judgment was denied on March 7, 2012. (Dkt. No. 57.) Pursuant to this court's order filed April 1, 2013 (Dkt. No. 58), the parties timely filed a joint status report which indicates, in pertinent part, their agreement that a settlement conference be scheduled before the undersigned (Dkt. No. 59). This order sets the date and time for the settlement conference, as well as for trial, should this action so proceed. A

---

[1] Pursuant to the consent of both parties, this action proceeds pursuant to the authority of the magistrate judge for all purposes. See 28 U.S.C. § 636(c); Local Rule 305(a). (See Dkt. Nos. 23, 24.)

1

separate order and writ of habeas corpus ad testificandum issues concurrently with this order, to provide for plaintiff's attendance at the settlement conference. Each party is required to file a signed Waiver of Disqualification memorializing his consent to the undersigned presiding over the settlement conference.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on **Monday, June 24, 2013, at 9:00 a.m.,** at the United States District Court, Eastern District of California, 501 I Street, Sacramento, California 95814, in Courtroom No. 25 (8th Floor).

2. Counsel for each party is required to file a signed Waiver of Disqualification (attached), no later than **Friday, May 31, 2013.**

3. Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendant's behalf shall attend the settlement conference in person.[2]

4. Those in attendance must be prepared to discuss the claims, defenses and damages in this action. Failure of any counsel, party or authorized person to appear in person may result in the imposition of sanctions; moreover, the conference will not proceed but will be reset to another date.

////

---

[2] The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face-to-face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

5. The parties are directed to exchange non-confidential settlement conference statements **seven days prior to the settlement conference**. These statements shall be **simultaneously delivered to the Court** using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the Court, he may do so pursuant to the provisions of Local Rule 270(d) and (e).

6. **Should this case proceed to trial, such trial shall commence on Monday, September 23, 2013, at 9:00 a.m.**

SO ORDERED.

DATED: May 6, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

christo3584.set.sett.trial

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT CHRISTOPHER,

    Plaintiff,                   No. 2:09-cv-3584 KJN P

    vs.

DEPUTY VANG,

    Defendant.                WAIVER OF DISQUALIFICATION

_____/

        Under Local Rule 270(b) of the Eastern District of California, the parties to this action affirmatively request that Magistrate Judge Kendall J. Newman preside over the settlement conference scheduled for **Monday, June 24, 2013.** Because the parties have also consented to the trial of this action before the same Magistrate Judge, they hereby waive any claim of disqualification to Magistrate Judge Newman trying the case after presiding over the settlement conference.

                                                    _____
                                                    Signature of Plaintiff's Attorney

                                                    Dated:_____

                                                   _____
                                                    Signature of Defendant's Attorney

                                                    Dated:_____